**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OPINIONLAB, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>QUALTRICS LABS, INC.,<br>QUALTRICS, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  1:13-cv-01574<br><br>(consolidated with Civil Action No. 12-cv-5662 for pretrial purposes)<br><br>Hon. Judge Harry D. Leinenweber<br>Hon. Magistrate Judge Jeffrey Cole<br><br>JURY TRIAL DEMANDED |
| QUALTRICS LABS, INC.,<br>QUALTRICS, LLC,<br><br>      Counterclaim Plaintiffs,<br><br>vs.<br><br>OPINIONLAB, INC.,<br><br>      Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS**
**QUALTRICS LABS, INC. AND QUALTRICS, LLC TO PLAINTIFF**
**OPINIONLAB, INC.'S SECOND AMENDED COMPLAINT**

Defendant Qualtrics Labs, Inc. and Qualtrics, LLC (collectively "Qualtrics"), by and through their undersigned attorneys, hereby file this Answer and Counterclaims to Plaintiff OpinionLab, Inc.'s ("OpinionLab") Second Amended Complaint (the "Complaint") as follows.

## I.      NATURE OF THE ACTION

1.      Qualtrics admits that OpinionLab purports to state a claim under the Patent Act, 35 U.S.C. § 1, *et seq.*  Qualtrics denies that the Complaint properly states such a claim, and specifically denies any wrongdoing or infringement.

1

2.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis denies them.

3.     Qualtrics admits that it has provided products and/or services to several companies, including in connection with sears.com.  Qualtrics denies the remaining allegations in paragraph 3 of the Complaint.

4.     Qualtrics admits that OpinionLab seeks the relief set forth in paragraph 4 of the Complaint.  Qualtrics denies that OpinionLab is entitled to any such relief.

## II.     PARTIES, JURISDICTION, AND VENUE

5.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis denies them.

6.     Qualtrics admits that Qualtrics Labs, Inc. is a Utah corporation and has an address at 2250 N University Pkwy #48C, Provo, UT 84604.  Qualtrics denies the remaining allegations set forth in in paragraph 6 of the Complaint.

7.     Qualtrics admits the allegations set forth in paragraph 7 of the Complaint.

8.     Qualtrics admits that OpinionLab purports to state a claim under 35 U.S.C. § 1, *et seq.*, and that to the extent the Complaint properly states such a claim this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Qualtrics denies that the Complaint properly states such a claim, and specifically denies any wrongdoing or allegation of infringement.

9.     Qualtrics admits that it has sold or offered to sell one or more products or services to Sears Holdings Management Corporation.  Qualtrics admits for purposes of this action only that the Court has personal jurisdiction over Qualtrics.  Qualtrics denies the remaining allegations set forth in paragraph 9 of the Complaint.

10.    Qualtrics admits the allegations set forth in paragraph 10 of the Complaint.

### III.   ALLEGED FACTS SUPPORTING CAUSES OF ACTION

**A.   OpinionLab and Its Alleged Intellectual Property Rights**

11.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and on that basis denies them.

12.     Qualtrics admits that the article referred to in paragraph 12 of the Complaint appears to be attached as Exhibit A.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint, and on that basis denies them.

13.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and on that basis denies them.

14.     To the extent that paragraph 14 of the Complaint alleges that Qualtrics copied or induced the copying of OpinionLab code, Qualtrics denies this allegation.  Qualtrics admits that the purported copyright registrations referenced in paragraph 14 of the Complaint appear to be attached as Exhibit B.  Qualtrics denies that OpinionLab is entitled to any applicable valid copyright protection.  Qualtrics denies that any purported OpinionLab copyright is relevant to this dispute.  OpinionLab voluntarily dismissed with prejudice its alleged claims for copyright and trademark infringement.  (*See* Docket No. 79, at 11 ("OpinionLab has stipulated to dismissal with prejudice of its copyright infringement and trademark infringement claims, has repeatedly confirmed that it will not attempt to assert such claims, and confirms that again here.").) Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint, and on that basis denies them.

15.     Qualtrics admits that the purported certificates of registration referenced in paragraph 15 of the Complaint appear to be attached as Exhibit C.  Qualtrics denies that OpinionLab is entitled to any applicable valid trademark protection.  Qualtrics denies that any

purported OpinionLab trademark is relevant to this dispute. OpinionLab voluntarily dismissed with prejudice its alleged claims for copyright and trademark infringement. (*See* Docket No. 79, at 11 ("OpinionLab has stipulated to dismissal with prejudice of its copyright infringement and trademark infringement claims, has repeatedly confirmed that it will not attempt to assert such claims, and confirms that again here.").) Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and on that basis denies them.

16. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and on that basis denies them.

17. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and on that basis denies them.

18. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and on that basis denies them.

19. Qualtrics admits that the patents identified in paragraph 19 of the Complaint appear to be attached to the Complaint as Exhibits D-I. Qualtrics denies that OpinionLab's "Online User Feedback Technology" is protected by any valid and enforceable U.S. Patent. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and on that basis denies them.

20. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and on that basis denies them.

**B.** **Qualtrics' Alleged Acts of Intentional Copying**

21. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and on that basis denies them.

22.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and on that basis denies them.

23.     Qualtrics admits that it has provided online research and survey products and/or services with respect to sears.com and kmart.com.  Qualtrics provided some such services after 2011.  Qualtrics denies the remaining allegations set forth in paragraph 23 of the Complaint.

24.     Qualtrics admits that in certain instances, it is possible to open a survey utilizing Qualtrics technology by clicking on a hyperlink on a web page.  Qualtrics admits that the image shown in paragraph 24 of the complaint appears to include a screenshot of www.sears.com and another browser window containing a survey regarding Sears.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and on that basis denies them.

25.     Qualtrics denies the allegations set forth in paragraph 25 of the Complaint.

26.     To the extent that paragraph 26 of the Complaint alleges that Qualtrics copied or induced the copying of OpinionLab code, Qualtrics denies this allegation.  To the extent that paragraph 26 of the Complaint alleges that Qualtrics has (or had) ownership or control over the software code that ran in the background of the sears.com website, Qualtrics denies this allegation.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and on that basis denies them.

27.     Qualtrics denies the allegations set forth in paragraph 27 of the Complaint.

28.     Qualtrics denies the allegations set forth in paragraph 28 of the Complaint.

29.     To the extent that paragraph 29 of the Complaint alleges that Qualtrics copied or induced the copying of OpinionLab code, Qualtrics denies this allegation.  To the extent that paragraph 29 of the Complaint alleges that Qualtrics has (or had) ownership or control over the

software code that ran in the background of the sears.com website, Qualtrics denies this allegation. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint, and on that basis denies them.

30.    Qualtrics admits that it has provided online research and survey products and/or services in connection with kmart.com. Qualtrics admits that, to its knowledge, Sears Holdings Management Corporation owns K-Mart. To the extent that paragraph 30 of the Complaint alleges that Qualtrics has (or had) ownership or control over the software code that ran in the background of the kmart.com website, Qualtrics denies this allegation. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint, and on that basis denies them.

31.    Qualtrics denies the allegations set forth in paragraph 31 of the Complaint.

32.    Qualtrics denies the allegations set forth in paragraph 32 of the Complaint.

33.    Qualtrics denies the allegations set forth in paragraph 33 of the Complaint.

34.    Qualtrics denies the allegations set forth in paragraph 34 of the Complaint.

35.    Qualtrics denies the allegations set forth in paragraph 35 of the Complaint.

**C.    Qualtrics Alleged Acts of Patent Infringement**

**-- Qualtrics Alleged Knowledge of the OpinionLab Patents --**

36.    Qualtrics denies the allegations set forth in paragraph 36 of the Complaint.

37.    Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and on that basis denies them.

38.    Qualtrics admits that paragraph 37 of the Complaint includes the text "other patents pending," and appears to mention U.S. Patent Nos. 6,421,724 and 6,606,581, which are referred to elsewhere in the Complaint as the '724 and '581 Patents. Qualtrics lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint, and on that basis denies them.

39.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and on that basis denies them.

40.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and on that basis denies them.

41.     Qualtrics admits that paragraph 40 of the Complaint appears to include a reference to U.S. Patent Nos. 6,421,724; 6,606,581; 7,085,820; 7,370,285; 8,024,668; and 8,041,805, which are referred to elsewhere in the Complaint.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint, and on that basis denies them.

42.     Qualtrics denies the allegations set forth in paragraph 42 of the Complaint.

### -- American Cancer Society --

43.     Qualtrics admits that the American Cancer Society maintains a website with a home page at www.cancer.org.  Qualtrics admits that it has provided online research and survey products and/or services to the American Cancer Society.  Qualtrics denies the remaining allegations in paragraph 43 of the Complaint.

44.     It is Qualtrics's understanding that to the extent the [+] symbol previously appeared on pages of the cancer.org website, it was removed subsequent to OpinionLab contacting the American Cancer Society.  Qualtrics denies the remaining allegations in paragraph 44 of the Complaint.

45.     It is Qualtrics's understanding that to the extent the [+] symbol previously appeared on pages of the cancer.org website, it was removed subsequent to OpinionLab

contacting the American Cancer Society.  Qualtrics denies the remaining allegations in paragraph 45 of the Complaint.

46.    Qualtrics denies the allegation that Qualtrics is using OpinionLab's alleged [+] icon, denies the allegation that Qualtrics is using the alleged file referred to in paragraph 46 of the Complaint, and denies the allegation that Qualtrics copied or induced the copying of the alleged file referred to in paragraph 46 of the Complaint.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint, and on that basis denies them.

47.    Qualtrics admits that, in the past, an image in substantially the same form as that shown in paragraph 47 of the Complaint may have been shown to cancer.org visitors who clicked [+].  Qualtrics denies the remaining allegations set forth in paragraph 47 of the Complaint.

48.    Qualtrics admits that paragraph 47 includes an image, which appears to include, *inter alia*, the following:   "Please enter your comments about this page here", fields in which text can be entered, "Please rate this page", "Content", "Design", "Overall", fields in which "1-Poor", "2", "3", "4", and "5-Excellent" can be selected, and "Powered by Qualtrics."  Qualtrics denies the remaining allegations in paragraph 48 of the Complaint.

49.    Qualtrics admits that paragraph 47 includes an image, which appears to include, *inter alia*, the following:   "5-Excellent", "3", and "1-Poor."  Qualtrics denies the remaining allegations in paragraph 49 of the Complaint.

50.    Qualtrics admits that paragraph 47 includes an image, which may include, *inter alia*, a URL including the following text:

"cancer.qualtrics.com/SE/?SID=SV_9Zb8WWpmrgYKo2p."  Qualtrics admits that

qualtrics.com refers to a Qualtrics web server. Qualtrics admits that the cancer.org website is not hosted on a Qualtrics web server. Qualtrics denies the remaining allegations in paragraph 50 of the Complaint.

51.     Qualtrics admits that Exhibit M appears to include the text reproduced in the image shown in paragraph 51 of the Complaint. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 51 of the Complaint, and on that basis denies them.

52.     Qualtrics denies the allegations set forth in paragraph 52 of the Complaint.

**-- CME Group --**

53.     Qualtrics admits that CME Group Inc. maintains a website with a home page at www.cmegroup.com. Qualtrics admits that it has provided online research and survey products and/or services to CME Group. Qualtrics denies the remaining allegations in paragraph 53 of the Complaint.

54.     Qualtrics admits that pages of the cmegroup.com website appear to contain the text "Feedback" toward the upper-right corner of the page. Qualtrics admits that, in the past, clicking on this text may have opened a browser window in substantially the same form as that displayed in paragraph 56 of the Complaint. Qualtrics denies the remaining allegations in paragraph 54 of the Complaint.

55.     Qualtrics admits that multiple pages of the cmegroup.com website appear to contain a the text "Feedback." Qualtrics denies the remaining allegations in paragraph 55 of the Complaint.

56.     Qualtrics admits that, in the past, clicking on the text "Feedback" may have opened a browser window on top of another page in substantially the same form as that displayed

in paragraph 56 of the Complaint. Qualtrics denies the remaining allegations set forth in paragraph 56 of the Complaint.

57. Qualtrics admits that paragraph 56 includes an image, which appears to include, *inter alia*, the following: "Comments:", fields in which text can be entered, "Page rating (1=low, 5=high):", and fields in which "1", "2", "3", "4", and "5" can be selected. Qualtrics denies the remaining allegations in paragraph 57 of the Complaint.

58. Qualtrics admits that paragraph 56 includes an image, which appears to include, *inter alia*, the following: "Page rating (1=low, 5=high):", "1", "2", "3", "4", "5". Qualtrics denies the remaining allegations in paragraph 58 of the Complaint.

59. Qualtrics admits that paragraph 56 includes an image, which may include the URL "http://cmegroup.qualtrics.com/SE/?SID=SV_7VgYr6gExpoRxDn." Qualtrics admits that qualtrics.com refers to a Qualtrics web server. Qualtrics admits that the cmegroup.com website is not hosted on a Qualtrics web server. Qualtrics denies the remaining allegations in paragraph 59 of the Complaint.

60. Qualtrics denies the allegations set forth in paragraph 60 of the Complaint.

### -- Fingerhut --

61. Qualtrics admits that to its knowledge Bluestem Brands, Inc. maintains the website www.fingerhut.com. Qualtrics admits that it has provided online research and survey products and/or services to Bluestem Brands, Inc. Qualtrics denies the remaining allegations in paragraph 61 of the Complaint.

62. Qualtrics admits that the text "Rate This Page" appears in the lower right corner of pages of the www.fingerhut.com website, and that the display of this text may be maintained if the user scrolls. Qualtrics admits that clicking on this text may open a browser window in

substantially the same form as that displayed in paragraph 64 of the Complaint. Qualtrics denies the remaining allegations in paragraph 62 of the Complaint.

63.     Qualtrics admits that the text "Rate This Page" appears on multiple pages of the www.fingerhut.com website. Qualtrics denies the remaining allegations in paragraph 63 of the Complaint.

64.     Qualtrics admits that clicking on "Rate This Page" may open a browser window on top of another page that appears in substantially the same form as that shown in the image included in paragraph 64. Qualtrics denies the remaining allegations in paragraph 64 of the Complaint.

65.     Qualtrics admits that the image included in paragraph 64 includes, *inter alia*, the following: "Comments about this page:", a field in which text can be entered, "Page ratings", "Product Information", "Look and Feel", "Ease of Use", "Overall", and fields in which "1", "2", "3", "4", and "5" can be selected. Qualtrics denies the remaining allegations in paragraph 65 of the Complaint.

66.     Qualtrics admits that the image included in paragraph 64 includes, *inter alia*, the following: "5", "🟢", "3", "😐", "1", "🔴". Qualtrics denies the remaining allegations in paragraph 66 of the Complaint.

67.     Qualtrics admits that the image included in paragraph 64 may include the following URL, or something similar: "https://bluestembrands.qualtrics.com/SE/?SID=SV_41le6U2PrJjvJad&Pagetype=site+section&PageURL=http%3A%2F%2Fwww.fingerhut.com%2Fhome.jsp&Timeonsite=845%7C32&CustomerID=undefined&pagecount=3." Qualtrics admits that qualtrics.com refers to a Qualtrics web

server.  Qualtrics admits that the fingerhut.com website is not hosted on a Qualtrics web server.
Qualtrics denies the remaining allegations in paragraph 67 of the Complaint.

68.     Qualtrics denies the allegations set forth in paragraph 68 of the Complaint.

## IV.     CAUSES OF ACTION

## COUNT 1

## ALLEGED WILLFUL PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271

### A.     *ALLEGED INFRINGEMENT OF THE '724 PATENT*

69.     Qualtrics realleges and incorporates by reference the responses contained in
paragraphs 1-68 above as if fully set forth herein.

70.     Qualtrics admits that U.S. Patent No. 6,421,724 appears to be attached to the
Complaint as Exhibit D; that the listed Inventors are Rand B. Nickerson, Mark A. Treschl,
Kathryn L. Kidd, and Matthew J. Crofoot; and that the listed Date of Patent is July 16, 2002.
Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 70 of the Complaint, and on that basis denies them.

71.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph 71 of the Complaint, and on that basis denies them.

72.     Qualtrics denies the allegations set forth in paragraph 72 of the Complaint.

73.     Qualtrics denies the allegations set forth in paragraph 73 of the Complaint.

74.     Qualtrics denies the allegations set forth in paragraph 74 of the Complaint.

75.     Qualtrics denies the allegations set forth in paragraph 75 of the Complaint.

76.     Qualtrics denies the allegations set forth in paragraph 76 of the Complaint.

77.     Qualtrics denies the allegations set forth in paragraph 77 of the Complaint.

78.     Qualtrics denies the allegations set forth in paragraph 78 of the Complaint.

**B.**     ***ALLEGED INFRINGEMENT OF THE '581 PATENT***

79.     Qualtrics realleges and incorporates by reference the responses contained in paragraphs 1-78 above as if fully set forth herein.

80.     Qualtrics admits that U.S. Patent No. 6,606,581 appears to be attached to the Complaint as Exhibit E; that the listed Inventors are Rand B. Nickerson, Mark A. Treschl, Kathryn L. Kidd, Matthew J. Crofoot, A. Gregory Samata, and David E. Mason; and that the listed Date of Patent is August 12, 2003. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Complaint, and on that basis denies them.

81.     Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint, and on that basis denies them.

82.     Qualtrics denies the allegations set forth in paragraph 82 of the Complaint.

83.     Qualtrics denies the allegations set forth in paragraph 83 of the Complaint.

84.     Qualtrics denies the allegations set forth in paragraph 84 of the Complaint.

85.     Qualtrics denies the allegations set forth in paragraph 85 of the Complaint.

86.     Qualtrics denies the allegations set forth in paragraph 86 of the Complaint.

87.     Qualtrics denies the allegations set forth in paragraph 87 of the Complaint.

88.     Qualtrics denies the allegations set forth in paragraph 88 of the Complaint.

**C.**     ***ALLEGED INFRINGEMENT OF THE '820 PATENT***

89.     Qualtrics realleges and incorporates by reference the responses contained in paragraphs 1-88 above as if fully set forth herein.

90.     Qualtrics admits that U.S. Patent No. 7,085,820 appears to be attached to the Complaint as Exhibit F; that the listed Inventors are Rand B. Nickerson, Mark A. Treschl, Kathryn L. Kidd, Matthew J. Crofoot, A. Gregory Samata, and David E. Mason; and that the

listed Date of Patent is August 1, 2006. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 of the Complaint, and on that basis denies them.

91. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint, and on that basis denies them.

92. Qualtrics denies the allegations set forth in paragraph 92 of the Complaint.

93. Qualtrics denies the allegations set forth in paragraph 93 of the Complaint.

94. Qualtrics denies the allegations set forth in paragraph 94 of the Complaint.

95. Qualtrics denies the allegations set forth in paragraph 95 of the Complaint.

96. Qualtrics denies the allegations set forth in paragraph 96 of the Complaint.

97. Qualtrics denies the allegations set forth in paragraph 97 of the Complaint.

98. Qualtrics denies the allegations set forth in paragraph 98 of the Complaint.

**D.** ***ALLEGED INFRINGEMENT OF THE '285 PATENT***

99. Qualtrics realleges and incorporates by reference the responses contained in paragraphs 1-98 above as if fully set forth herein.

100. Qualtrics admits that U.S. Patent No. 7,370,285 appears to be attached to the Complaint as Exhibit G; that the listed Inventors are Rand B. Nickerson, Mark A. Treschl, Jay S. Rudman, and Mark D. Krebs; and that the listed Date of Patent is May 6, 2008. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 of the Complaint, and on that basis denies them.

101. Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint, and on that basis denies them.

102. Qualtrics denies the allegations set forth in paragraph 102 of the Complaint.

103. Qualtrics denies the allegations set forth in paragraph 103 of the Complaint.

104.    Qualtrics denies the allegations set forth in paragraph 104 of the Complaint.

105.    Qualtrics denies the allegations set forth in paragraph 105 of the Complaint.

106.    Qualtrics denies the allegations set forth in paragraph 106 of the Complaint.

107.    Qualtrics denies the allegations set forth in paragraph 107 of the Complaint.

108.    Qualtrics denies the allegations set forth in paragraph 108 of the Complaint.

E.      ***ALLEGED INFRINGEMENT OF THE '668 PATENT***

109.    Qualtrics realleges and incorporates by reference the responses contained in paragraphs 1-108 above as if fully set forth herein.

110.    Qualtrics admits that U.S. Patent No. 8,024,668 appears to be attached to the Complaint as Exhibit H; that the listed Inventors are Rand B. Nickerson, Mark A. Treschl, Jay S. Rudman, and Mark D. Krebs; and that the listed Date of Patent is September 20, 2011.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 of the Complaint, and on that basis denies them.

111.    Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint, and on that basis denies them.

112.    Qualtrics denies the allegations set forth in paragraph 112 of the Complaint.

113.    Qualtrics denies the allegations set forth in paragraph 113 of the Complaint.

114.    Qualtrics denies the allegations set forth in paragraph 114 of the Complaint.

115.    Qualtrics denies the allegations set forth in paragraph 115 of the Complaint.

116.    Qualtrics denies the allegations set forth in paragraph 116 of the Complaint.

117.    Qualtrics denies the allegations set forth in paragraph 117 of the Complaint.

118.    Qualtrics denies the allegations set forth in paragraph 118 of the Complaint.

F.  ***ALLEGED INFRINGEMENT OF THE '805 PATENT***

119.  Qualtrics realleges and incorporates by reference the responses contained in paragraphs 1-118 above as if fully set forth herein.

120.  Qualtrics admits that U.S. Patent No. 8,041,805 appears to be attached to the Complaint as Exhibit I; that the listed Inventors are Rand B. Nickerson, Mark A. Treschl, Kathryn L. Kidd, Matthew J. Crofoot, A. Gregory Samata, and David E. Mason; and that the listed Date of Patent is October 18, 2011.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 of the Complaint, and on that basis denies them.

121.  Qualtrics lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint, and on that basis denies them.

122.  Qualtrics denies the allegations set forth in paragraph 122 of the Complaint.

123.  Qualtrics denies the allegations set forth in paragraph 123 of the Complaint.

124.  Qualtrics denies the allegations set forth in paragraph 124 of the Complaint.

125.  Qualtrics denies the allegations set forth in paragraph 125 of the Complaint.

126.  Qualtrics denies the allegations set forth in paragraph 126 of the Complaint.

127.  Qualtrics denies the allegations set forth in paragraph 127 of the Complaint.

128.  Qualtrics denies the allegations set forth in paragraph 128 of the Complaint.

## RELIEF REQUESTED

129.  These paragraphs set forth the statement of relief requested by OpinionLab, to which no response is required.  Qualtrics denies that any relief is warranted or required and further denies all allegations and/or legal conclusions in these paragraphs, and specifically denies any direct or indirect infringement.  Qualtrics denies that any conduct on its part entitles

OpinionLab to damages, enhanced damages pursuant to 35 U.S.C. § 284, a permanent injunction, attorneys' fees pursuant to 35 U.S.C. § 285, costs, or any other relief.

## JURY TRIAL DEMAND

130.    This paragraph sets forth OpinionLab's demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES

As and for its affirmative and/or additional defenses, Qualtrics alleges as follows, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

## FIRST AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Failure to State a Claim)

131.    OpinionLab's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Noninfringement)

132.    Qualtrics has not directly infringed, indirectly infringed, contributed to the infringement of or induced infringement of any valid and enforceable claim of U.S. Patent Nos. 6,421,724 (the "'724 Patent"), 6,606,581 (the "'581 Patent"), 7,085,820 (the "'820 Patent"), 7,370,285 (the "'285 Patent"), 8,024,668 (the "'668 Patent"), or 8,041,805 (the "'805 Patent"), either literally or under the doctrine of equivalents, and it has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## THIRD AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Invalidity)

133.    The claims of the '724 Patent, the '581 Patent, the '820 Patent, the '285 Patent, the '668 Patent, and the '805 Patent are invalid for failure to meet the statutory requirements of

Title 35 of the United States Code, including, but not limited to, failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

## FOURTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Waiver, Laches, Estoppel, License, Patent Exhaustion)

134.     Plaintiffs' claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, estoppel, license, and/or patent exhaustion.  At a minimum, Plaintiffs are barred from recovering any presuit damages as a result of waiver, laches, and/or estoppel.

## FIFTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Prosecution History Estoppel, Prosecution Disclaimer)

135.     Plaintiffs' claims for relief, in whole or in part, are barred by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## SIXTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Failure to Mark)

136.     OpinionLab's claims for relief are barred in whole or in part by its failure to meet the requirements of 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Statute of Limitations)

137.     To the extent that OpinionLab seeks damages for alleged infringement more than six (6) years prior to the filing of this action, its claims are barred by the statute of limitations under 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
### (Standing)

138.     To the extent that OpinionLab does not hold all substantial rights in the '724 Patent, the '581 Patent, the '820 Patent, the '285 Patent, the '668 Patent, and/or the '805 Patent in relation to Qualtrics, OpinionLab lacks standing to assert its claims of alleged infringement.

### NINTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE
**(Reservation of Defenses)**

139.     Qualtrics expressly reserves the right to assert additional defenses based on further discovery and investigation in this action.

### COUNTERCLAIMS

### NATURE OF ACTION

1.     This is a civil action for declaratory judgment that United States Patent Nos. 6,421,724 (the "'724 Patent"), 6,606,581 (the "'581 Patent"), 7,085,820 (the "'820 Patent"), 7,370,285 (the "'285 Patent"), 8,024,668 (the "'668 Patent"), and 8,041,805 (the "'805 Patent") (collectively referred to herein as the "OpinionLab Patents") are invalid and are not infringed by Qualtrics.

### JURISDICTION

2.     This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

3.     This Court has personal jurisdiction over Counterclaim Defendant OpinionLab, Inc. ("OpinionLab") because, *inter alia*, OpinionLab has consented to such jurisdiction by filing the instant suit in this Court.

4.     Venue for these Counterclaims is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), and because OpinionLab has consented to venue by filing in this Court the Amended Complaint (the "Complaint"), in response to which these Counterclaims are asserted.

### PARTIES

5.     Qualtrics Labs, Inc. is a Utah corporation with an address at 2250 N University Pkwy #48C, Provo, UT 84604.

19

6.      Qualtrics, LLC (collectively with Qualtrics Labs, Inc., "Qualtrics") is a Delaware limited liability company with an address at 400 W. Qualtrics Dr., Ste. 100, Provo, UT 84604.

7.      Upon information and belief, OpinionLab is a Delaware corporation with its principal place of business located at 600 Central Ave., Suite 265, Highland Park, Illinois..

## CLAIMS FOR RELIEF

### COUNT ONE
### (Declaratory Judgment as to the '724 Patent)

8.      Qualtrics repeats and re-alleges Paragraphs 1 through 7 above as if fully set forth herein.

9.      OpinionLab claims to possess the right to sue for infringement and to recover past damages with respect to the '724 Patent.

10.      Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '724 Patent, either literally or under the doctrine of equivalents.

11.      The claims of the '724 Patent are invalid pursuant to one or more requirements of 35 U.S.C. §§ 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112.  Among other reasons, the '724 Patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art patents, printed publications and systems, and is invalid as obvious under 35 U.S.C. § 103 in view of several prior art patents, printed publications and systems.

12.      OpinionLab has filed a Complaint in this action in which OpinionLab alleges that Qualtrics infringes the '724 Patent.  As a result, there is an actual, substantial, and continuing justiciable controversy between OpinionLab and Qualtrics regarding the infringement and validity of the claims of the '724 Patent.  The Qualtrics technology accused in the Complaint does not infringe the '724 Patent.

13.     Qualtrics therefore asks this Court to enter a declaratory judgment declaring that Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '724 Patent and that one or more claims of the '724 Patent are invalid.

## COUNT TWO
### (Declaratory Judgment as to the '581 Patent)

14.     Qualtrics repeats and re-alleges Paragraphs 1 through 13 above as if fully set forth herein.

15.     OpinionLab claims to possess the right to sue for infringement and to recover past damages with respect to the '581 Patent.

16.     Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '581 Patent, either literally or under the doctrine of equivalents.

17.     The claims of the '581 Patent are invalid pursuant to one or more requirements of 35 U.S.C. §§ 100 et seq., including but not limited to §§ 101, 102, 103, and 112.  Among other reasons, the '581 Patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art patents, printed publications and systems, and is invalid as obvious under 35 U.S.C. § 103 in view of several prior art patents, printed publications and systems.

18.     OpinionLab has filed a Complaint in this action in which OpinionLab alleges that Qualtrics infringes the '581 Patent.  As a result, there is an actual, substantial, and continuing justiciable controversy between OpinionLab and Qualtrics regarding the infringement and validity of the claims of the '581 Patent.  The Qualtrics technology accused in the Complaint does not infringe the '581 Patent.

19.     Qualtrics therefore asks this Court to enter a declaratory judgment declaring that Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '581 Patent and that one or more claims of the '581 Patent are invalid.

## COUNT THREE
### (Declaratory Judgment as to the '820 Patent)

20.     Qualtrics repeats and re-alleges Paragraphs 1 through 19 above as if fully set forth herein.

21.     OpinionLab claims to possess the right to sue for infringement and to recover past damages with respect to the '820 Patent.

22.     Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '820 Patent, either literally or under the doctrine of equivalents.

23.     The claims of the '820 Patent are invalid pursuant to one or more requirements of 35 U.S.C. §§ 100 et seq., including but not limited to §§ 101, 102, 103, and 112.  Among other reasons, the '820 Patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art patents, printed publications and systems, and is invalid as obvious under 35 U.S.C. § 103 in view of several prior art patents, printed publications and systems.

24.     OpinionLab has filed a Complaint in this action in which OpinionLab alleges that Qualtrics infringes the '820 Patent.  As a result, there is an actual, substantial, and continuing justiciable controversy between OpinionLab and Qualtrics regarding the infringement and validity of the claims of the '820 Patent.  The Qualtrics technology accused in the Complaint does not infringe the '820 Patent.

25.     Qualtrics therefore asks this Court to enter a declaratory judgment declaring that Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '820 Patent and that one or more claims of the '820 Patent are invalid.

## COUNT FOUR
### (Declaratory Judgment as to the '285 Patent)

26.     Qualtrics repeats and re-alleges Paragraphs 1 through 25 above as if fully set forth herein.

27.     OpinionLab claims to possess the right to sue for infringement and to recover past damages with respect to the '285 Patent.

28.     Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '285 Patent, either literally or under the doctrine of equivalents.

29.     The claims of the '285 Patent are invalid pursuant to one or more requirements of 35 U.S.C. §§ 100 et seq., including but not limited to §§ 101, 102, 103, and 112.  Among other reasons, the '285 Patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art patents, printed publications and systems, and is invalid as obvious under 35 U.S.C. § 103 in view of several prior art patents, printed publications and systems.

30.     OpinionLab has filed a Complaint in this action in which OpinionLab alleges that Qualtrics infringes the '285 Patent.  As a result, there is an actual, substantial, and continuing justiciable controversy between OpinionLab and Qualtrics regarding the infringement and validity of the claims of the '285 Patent.  The Qualtrics technology accused in the Complaint does not infringe the '285 Patent.

31.     Qualtrics therefore asks this Court to enter a declaratory judgment declaring that Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '285 Patent and that one or more claims of the '285 Patent are invalid.

## COUNT FIVE
### (Declaratory Judgment as to the '668 Patent)

32.     Qualtrics repeats and re-alleges Paragraphs 1 through 31 above as if fully set forth herein.

33.     OpinionLab claims to possess the right to sue for infringement and to recover past damages with respect to the '668 Patent.

34.     Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '668 Patent, either literally or under the doctrine of equivalents.

35.     The claims of the '668 Patent are invalid pursuant to one or more requirements of 35 U.S.C. §§ 100 et seq., including but not limited to §§ 101, 102, 103, and 112.  Among other reasons, the '668 Patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art patents, printed publications and systems, and is invalid as obvious under 35 U.S.C. § 103 in view of several prior art patents, printed publications and systems.

36.     OpinionLab has filed a Complaint in this action in which OpinionLab alleges that Qualtrics infringes the '668 Patent.  As a result, there is an actual, substantial, and continuing justiciable controversy between OpinionLab and Qualtrics regarding the infringement and validity of the claims of the '668 Patent.  The Qualtrics technology accused in the Complaint does not infringe the '668 Patent.

37.     Qualtrics therefore asks this Court to enter a declaratory judgment declaring that Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '668 Patent and that one or more claims of the '668 Patent are invalid.

## COUNT SIX
### (Declaratory Judgment as to the '805 Patent)

38.     Qualtrics repeats and re-alleges Paragraphs 1 through 37 above as if fully set forth herein.

39.     OpinionLab claims to possess the right to sue for infringement and to recover past damages with respect to the '805 Patent.

40.     Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '805 Patent, either literally or under the doctrine of equivalents.

41.     The claims of the '805 Patent are invalid pursuant to one or more requirements of 35 U.S.C. §§ 100 et seq., including but not limited to §§ 101, 102, 103, and 112.  Among other reasons, the '805 Patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art patents, printed publications and systems, and is invalid as obvious under 35 U.S.C. § 103 in view of several prior art patents, printed publications and systems.

42.     OpinionLab has filed a Complaint in this action in which OpinionLab alleges that Qualtrics infringes the '805 Patent.  As a result, there is an actual, substantial, and continuing justiciable controversy between OpinionLab and Qualtrics regarding the infringement and validity of the claims of the '805 Patent.  The Qualtrics technology accused in the Complaint does not infringe the '805 Patent.

43.     Qualtrics therefore asks this Court to enter a declaratory judgment declaring that Qualtrics does not and has not directly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '805 Patent and that one or more claims of the '805 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Qualtrics respectfully prays for Judgment as follows:

A.     That OpinionLab's Complaint be dismissed with prejudice and that each request for relief therein be denied;

B.     That the OpinionLab Patents, and each and every asserted claim thereof, are not infringed;

C.     That the claims of the OpinionLab Patents are invalid;

D.     That this is an exceptional case and that Qualtrics be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

E.     That Qualtrics be awarded such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Qualtrics demands a jury trial on all issues triable to a jury.


Dated:  January 6, 2014                              Respectfully submitted,

                                                     By:  /s/ William J. Katt
                                                     One of the Attorneys for Defendants
                                                     Qualtrics Labs, Inc. and
                                                     Qualtrics, LLC

                                                     Matthew W. Walch (ARDC No. 6226308)
                                                     matthew.walch@lw.com
                                                     William J. Katt (ARDC No. 6300159)
                                                     william.katt@lw.com
                                                     LATHAM & WATKINS LLP
                                                     233 South Wacker Drive
                                                     Suite 5800
                                                     Chicago, Illinois 60606
                                                     Telephone: (312) 876-7700

                                                     Robert Steinberg (pro hac vice)
                                                     bob.steinberg@lw.com
                                                     Daniel Scott Schecter (pro hac vice)
                                                     daniel.schecter@lw.com
                                                     Neil A. Rubin (pro hac vice)
                                                     neil.rubin@lw.com
                                                     Jonathan M. Jackson (pro hac vice)
                                                     jonathan.jackson@lw.com
                                                     LATHAM & WATKINS LLP
                                                     355 S. Grand Avenue
                                                     Los Angeles, California 90071
                                                     Telephone: (213) 485-1234